1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12    MICHELE P. SCONIERS,

13              Plaintiff,                         No. C 11-01798 WHA

14        v.

15    FIRST UNUM LIFE INSURANCE              **ORDER GRANTING IN PART AND**
      COMPANY, MORGAN STANLEY              **DENYING IN PART DEFENDANT'S**
16    DISABILITY PLAN, MORGAN              **MOTION TO STRIKE AND DENYING**
      STANLEY & CO., INC.,                 **DEFENDANT'S MOTION TO**
17                                          **DISMISS AND VACATING HEARING**

18              Defendants.
      _____/

19

20                            **INTRODUCTION**

21         In this ERISA action, one defendant moves pursuant to FRCP 12(b)(6) to dismiss

22    plaintiff's second and third claims for relief.  It also moves to strike plaintiff's prayer for relief

23    and other demands from the operative complaint.  For the following reasons, the motion to

24    dismiss is **DENIED,** and the motion to strike is **GRANTED IN PART AND DENIED IN PART**.

25    The hearing scheduled for November 3 is **VACATED**.

26                             **STATEMENT**

27         The operative complaint alleges the following.  Plaintiff is a former employee of

28    defendant Morgan Stanley & Co.  As an employee, plaintiff was insured under defendant

Morgan Stanley Disability Plan, an employee welfare benefit plan governed by ERISA. Morgan Stanley "served as the plan administrator and as fiduciary of the Plan," and defendant First Unum Life Insurance Company of America was the claims fiduciary and payor of benefits under the plan (First Amd. Compl. ¶¶ 2–4).

Plaintiff alleges she was insured under the 2006 insurance policy, which stated plaintiff would be paid (*id.* at ¶ 5):

> monthly benefits equal to 60% of "Basic monthly Earnings", up to a maximum monthly benefit of $20,000 and up to a maximum benefit period to age 65, in the event that Plaintiff became unable to perform with reasonable continuity in the usual and customary manner each of the material and substantial duties of her own occupation due to injury or sickness.

The policy also included the following provisions (*ibid.*):

> For disabilities beginning on or after January 1, 2006, your LTD benefit is based upon your Disability Benefit Earnings, which is the monthly average of your eligible pay *over the 12 months preceding your first day of disability* (emphasis added).
>
> \*              \*              \*
>
> Your Eligible Pay includes, but is not limited to, base pay, bonus, commission, cash performance awards, overtime, night premiums, previous and retroactive pay, shift differential, accrued vacation, allowances, payouts from deferred compensation plans and amounts deferred from Flexible Spending Accounts and Commuter Benefits programs and the 401(k) Plan.
>
> \*              \*              \*
>
> If you have not completing [sic] 12 months of continuous service prior to your first day of disability, your DBE will be calculated as the monthly average of your Eligible Pay for the periods *within the previous 12 months (preceding the month in which you go out on disability)* or your first day of disability that do not equal $0 during the months in which you previously worked (emphasis added).

Plaintiff further alleges that she complied with all material provisions of the plan and/or her compliance was waived by defendants. On or about June 22, 2007, plaintiff became disabled by medical conditions including "a variant of Dejerine Roussy (Central Pain) Syndrome called hypoperfusion syndrome, fibromyalgia, severe immunodeficiency, and severe adrenal deficiency," which resulted in pain in her abdomen, muscles, joints, and bones. She also allegedly suffered from irritable bowel syndrome, dizziness, nausea, severe fatigue, sever

migraine headaches, and chronic hormonal imbalances.  Treatment of these symptoms required plaintiff to take powerful medications with side effects "including sleepiness, fatigue, dizziness and interference with cognitive functioning."  As a result, plaintiff allegedly became totally disabled.  She could no longer perform her job at Morgan Stanley, and allegedly will forever be unable to perform the duties of her former occupation (*id.* at ¶ 6).

Plaintiff timely applied for benefits under the 2006 policy.  In November 2007, Unum approved a monthly disability benefit to plaintiff of $5,000 per month.  Plaintiff asserts that this was only 15% of what she was due because Unum calculated it using only her base salary.  Unum and Morgan Stanley failed to disclose to plaintiff that the calculation of her benefits was based on the 2007 policy and not the 2006 policy.  The 2007 policy "purportedly amended the 2006 Policy's provisions for calculating Basic Monthly Earnings under the Plan."  Plaintiff claims, however, that the amendments to the 2006 policy contained in the 2007 policy were never approved by Morgan Stanley's Board of Directors.  Plaintiff further alleges that defendants Unum and Morgan Stanley violated their fiduciary duties to provide notice of material modifications of the plan and provide plaintiff with a summary of material modifications of the plan. (*id.* at ¶¶ 7–11).

Even if plaintiff was subject to the 2007 policy — which she asserts she was not — defendants allegedly failed to correctly calculate plaintiff's monthly disability under that plan.  Defendants used only plaintiff's base salary but should have included her annual gross W-2 earnings from 2006 "including bonuses and other compensation earned before she began employment at M[organ] S[tanley]" (*id.* at ¶ 12).

In 2009, plaintiff requested from Unum any policies, procedures, or guidelines that were used to calculate her monthly benefits.  In response, Unum claimed the 2006 policy was applicable to her claim and did not notify her the 2007 policy was used to calculate her benefits.  In 2010, plaintiff requested the policy applicable to her claim and Unum provided her with a copy of the 2006 policy (*id.* at ¶ 13).

In March 2010, Unum terminated plaintiff's benefits under the plan.  Unum asserted that "(1) she suffered from a mental condition that was foreclosed by the Plan's 24-month mental

3

illness limitation; and (2) that she was no longer disabled under the terms of the Plan." Plaintiff alleges that this was done without any reasonable or thorough investigation. Plaintiff again requested a copy of the applicable plan, and Unum again provided a copy of the 2006 policy.  Plaintiff did not receive a copy of the 2007 policy until April 2010, when Morgan Stanley provided it to plaintiff's counsel at counsel's request (*id.* at ¶ 14).

Plaintiff timely appealed Unum's termination of benefits, but her appeals were denied in June and November 2010 (*id.* at ¶¶ 15–16).  Plaintiff then brought this action against Unum, Morgan Stanley, and the plan in April 2011, under Section 1132 of Title 29 of the United States Code.  In the operative complaint, plaintiff alleges the following claims:  (1) recovery of employee benefits pursuant to Section 1132(a)(1)(B) against all defendants; (2) equitable relief pursuant to Section 1132(a)(3) against Unum and Morgan Stanley; (3) declaratory and injunctive relief based on violation of California Insurance Code Section 10144 against Unum; and (4) civil penalties for failure to produce documents pursuant to Section 1132(c)(1) against Morgan Stanley (Dkt. Nos. 1, 35).  Defendant Unum now moves to dismiss plaintiff's second and third claims and to strike portions of her prayer and jury demand.  No other defendants joined this motion.  This order follows full briefing.

## ANALYSIS

### 1.    MOTION TO STRIKE.

Unum moves to strike from the operative complaint plaintiff's demand for a jury trial and extra-contractual remedies.  Unum also moves to strike plaintiff's request that Unum be removed as the claims fiduciary over the insurance policy.  In her opposition to this motion, however, plaintiff withdraws her request for a jury trial (Opp. 22).  Plaintiff's demand for a jury trial is therefore **STRICKEN**, and Unum's motion to strike the demand for a jury trial is **DENIED AS MOOT**.

Under FRCP 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FRCP 12(f) is a means by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by

4

United States District Court

For the Northern District of California

1    dispensing with those issues prior to trial." *Sydney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880,

2    885 (9th Cir. 1983).

3           Unum specifically seeks to strike from the operative complaint any request for extra-

4    contractual remedies because they are not available under ERISA.  Unum identifies the prayer

5    for relief and paragraph 18 of the complaint as places where extra-contractual damages requests

6    appear and should be stricken.  Plaintiff's prayer for relief seeks:  (1) injunctive relief;

7    (2) equitable and injunctive relief; (3) attorney's fees and costs; (4) interest; (5) penalties

8    pursuant to Section 1132(c)(1); and (6) other appropriate relief (First Amd. Compl. ¶¶ 16–17).

9    All relief sought in the prayer is relief that is appropriate under ERISA.  Prayer requests 1–3 and

10   5–6 are specifically allowed by ERISA statutes.  29 U.S.C. 1132(a)(3), (c)(1), (g).  In addition,

11   an award of pre-judgment and post-judgement interest in an ERISA action is within the

12   discretion of the district court, so plaintiff's fourth request for relief is also allowed under

13   ERISA.  *See, e.g.*, *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*,

14   750 F.2d 1458, 1465 (9th Cir. 1985) ("Whether interest will be awarded is a question of fairness,

15   lying within the court's sound discretion, to be answered by balancing the equities."  (internal

16   quotations omitted)).  Because all remedies sought by plaintiff are appropriate remedies under

17   ERISA, plaintiff's prayer will not be stricken before the evidence has shown to what remedy, if

18   any, plaintiff may be entitled.

19          Unum also identifies paragraph 18 of the operative complaint as a paragraph that should

20   be stricken for seeking extra-contractual damages.  Paragraph 18 states, "[a]s a result of the

21   actions of Defendants, and each of them, Plaintiff has been improperly denied disability benefits

22   to which he [sic] is entitled together with interest thereon and has suffered further and severe

23   economic hardship and emotional distress."  It is true that "[e]xtracontractual, compensatory and

24   punitive damages are not available under ERISA."  *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d

25   1003, 1009 (9th Cir. 1998).  Any claims asserted for loss of income and emotional distress would

26   seek extra-contractual damages, which are not allowed under ERISA.  *Ibid.*  Paragraph 18 of the

27   operative complaint, however, does not seek extra-contractual damages because it does not seek

28   a remedy at all.  Nor is relief for emotional damages or loss of income sought elsewhere in the

5

United States District Court

For the Northern District of California

1   complaint (*see* First Amd. Compl. Prayer).  Because paragraph 18 provides only factual

2   background for plaintiff's allegations and does not seek any impermissible extra-contractual

3   relief, Unum's motion to strike it from the complaint is **DENIED**.

4   　　　　　Lastly, Unum seeks to strike plaintiff's request for a "judgment permanently

5   enjoining U[num] from ever again serving as a fiduciary with respect to the Plan" (First

6   Amd. Compl. ¶ 37).  Plaintiff contends her request for removal of Unum is appropriate

7   under Section 1132(a)(3) as a "catch-all" provision because it could not be brought under

8   Section 1132(a)(1)(B).  Plaintiff is correct that her desired remedy is not available under

9   Section 1132(a)(1).  It is, however, available under Section 1132(a)(2), so it cannot be brought

10  under the "catch-all" provision.  Section 1132(a)(2) provides for appropriate relief under

11  Section 1109.  Section 1109(a) states, "[a]ny person who is a fiduciary with respect to a plan

12  who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries . . . shall

13  be subject to such other equitable or remedial relief as the court may deem appropriate, including

14  removal of such fiduciary."  A claim cannot be brought under Section 1132(a)(3) if an adequate

15  remedy is provided elsewhere by the statute.  *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

16  "Because removal of the ERISA fiduciary is an available remedy under [Sections] 1109(a) and

17  1132(a)(2), [plaintiff] may not resort to this equitable catchall provision to seek the same relief."

18  *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010).  Thus, Unum's motion to

19  strike plaintiff's request to remove Unum as the claims fiduciary is **GRANTED**.  This is without

20  prejudice to plaintiff seeking the same relief under Section 1132(a)(2).  Paragraph 37 of the

21  operative complaint is accordingly **STRICKEN**.

22  　　　　　Accordingly, Unum's motion to strike is **GRANTED IN PART AND DENIED IN PART**.

23  Plaintiff's demand for a jury trial is withdrawn, so the motion to strike it is **DENIED AS MOOT**.

24  Unum's motion to strike what it characterized as extra-contractual damages is **DENIED**.

25  Finally, Unum's motion to strike plaintiff's request that it be removed as the claims fiduciary is

26  hereby **GRANTED**.  Paragraph 37 of plaintiff's first amended complaint is **STRICKEN**.

27

28

6

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.   **MOTION TO DISMISS.**

A.   **Standard of Review.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

B.   **Plaintiff's Second Claim for Equitable Relief
Pursuant to 29 U.S.C. Section 1132(a)(3).**

Unum moves to dismiss plaintiff's claim for equitable relief against it because Unum contends (1) plaintiff cannot bring a claim for plan benefits and a claim for equitable relief simultaneously, (2) Unum's responsibilities under the plan are limited, and (3) ERISA does not allow beneficiaries to bring breach of fiduciary duty claims on their own behalf. This order, however, finds that plaintiff alleged sufficient facts to state a plausible claim for equitable relief.

Section 1132(a)(3) authorizes civil actions to be brought by a plan participant "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Section 1132(a)(1)(B) allows a participant of a plan to file a suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Plaintiff asserts claims for relief under both of the preceding statute provisions.

7

United States District Court

For the Northern District of California

Unum first contends that plaintiff's claim for equitable relief should be dismissed because she can only assert a claim for plan benefits under Section 1132(a)(1)(B) or a claim for equitable relief under Section 1132(a)(3), but not both. The Supreme Court, however, stated that a claim under Section 1132(a)(3) lies when there is no other adequate remedy available under ERISA. *See Varity Corp.*, 516 U.S. at 515 ("[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'"). The Court explained that Section 1132(a)(3) acts as a "catchall" provision "offering appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy." *Id.* at 512. The question, then, is whether plaintiff's Section 1132(a)(1)(B) claim provides her with an adequate remedy for her injuries.

Plaintiff alleges breach of fiduciary duty against Unum and Morgan Stanley as an individual plaintiff and "on behalf of all other participants and beneficiaries of the Plan" (First Amd. Compl. ¶ 31). Plaintiff's allegations regarding defendants' breaches of fiduciary duties center on the termination of her claim for benefits, defendants' interpretation of the plan, and defendants' alleged failure to follow the plan's procedures. Specifically, her claim includes, *inter alia* (*id.* at ¶ 34):

> D. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claim for benefits, properly payable under the Plan and to deprive Plaintiff of her rightful benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under the Plan and the law, including intentionally failing to apply the correct definition of disability under California law to all of the Plan participants to whom that definition applies;

> *                *                *

> F. Consciously and unreasonably adopting inconsistent interpretations of Plan provisions regarding "Basic Monthly Earnings" with the specific intent to minimize and/or eliminate its own financial obligations to the detriment of Plan participants' rights to receive Plan benefits; and intentionally and with out justification underpaying Plaintiff's claim for disability benefits, and related claims and/or similar claims, despite knowledge that Plaintiff and similarly situated claims are and remain totally and/or partially disabled under the terms and conditions of the Plan and under the definition of total disability as defined by California law;

> G.  Consciously and unreasonably interpreting the Plan in a manner designed to deny benefits and in a manner that thwarts the reasonable expectations of the Plan beneficiaries and participants in order to maximize profits and minimize the benefits paid to claimants, including unreasonably interpreting the phrases "Basic Monthly Earnings."

Plaintiff requests a judgment enjoining defendants from interpreting the plan in certain ways, such as "denying benefits based upon an interpretation of 'total disability' different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way" (*id.* at ¶ 35A).

Accordingly, plaintiff's allegations concern more than a denial of benefits to her as an individual, which is covered by Section 1132(a)(1)(B); she contends Morgan Stanley and Unum intentionally refused and continue to refuse similar claims and interpret the plan in a manner designed to deny benefits and maximize profits across the board.  Her requested remedy is to enjoin defendants from continuing their practices, relief sought both for herself and other participants and beneficiaries.  This is more than a suit to recover benefits under Section(a)(1)(B) because even if plaintiff's claim for benefits were reinstated, "she would still be subject to Defendants (including U[num]'s) further improper claims handling practices" (Opp. 12).  Dismissal of plaintiff's claim for equitable relief would therefore be premature because it is not yet known whether Section(a)(1)(B) will provide plaintiff with an adequate remedy for the alleged wrongs of defendants.

Unum next argues that its responsibilities under the plan are limited, and do not include the responsibilities asserted by plaintiff because Unum is not the plan sponsor or the plan administrator.  Plaintiff and Unum agree that "Unum is the claims review fiduciary" (Br. 14; *see also* First Amd. Compl. ¶ 3).  Unum simplifies its duties as follows:  "If Unum determines that a claim is payable those benefits are paid from the general assets of Unum, the insurer" (Br. 14).  In *Varity*, 516 U.S. at 511, the Supreme Court stated that the "discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents" constitutes a "fiduciary act."  Plaintiff alleges that Unum consciously interpreted the plan "in a manner designed to deny benefits" and to thwart the reasonable expectations of

United States District Court

For the Northern District of California

1  beneficiaries and participants (First Amd. Compl. ¶ 34G).  Accordingly, plaintiff pled sufficient

2  facts to state a claim for breach of fiduciary duty against Unum.

3        Finally, Unum contends that plaintiff cannot bring a claim for individual relief as

4  opposed to relief for the plan as a whole.  Not so.  *First*, contrary to Unum's assertions, plaintiff

5  alleges this claim on behalf of herself and other beneficiaries due to defendants' pattern in

6  construing and denying claims and seeks relief for all beneficiaries (*id.* at ¶¶ 34–35).  *Second*, the

7  Supreme Court stated in *Varity*, 516 U.S. at 515, that a claim for individual relief for breach of

8  fiduciary duty can be brought under Section 1132(a)(3).  "[I]t is hard to imagine why Congress

9  would want to immunize breaches of fiduciary obligation that harm individuals by denying

10 injured beneficiaries a remedy."  *Id.* at 513.

11       Plaintiff has thus pled sufficient facts to state a plausible claim against Unum for

12 equitable relief.  Accordingly, Unum's motion to dismiss plaintiff's second claim for failure to

13 state a claim upon which relief can be granted is **DENIED**.

14        **C.      Plaintiff's Third Claim for Declaratory and Injunctive Relief
                    Pursuant to California Insurance Code Section 10144.**

15       In her third claim for relief, plaintiff alleges that Unum violated California Insurance

16 Code Section 10144 when it "failed and continued to fail to provide any evidence of the requisite

17 actuarial principles or analysis as required under section 10144 to support its termination [of

18 benefits] based on the mental benefits limitation" (First Amd. Compl. ¶ 42).  Plaintiff requested a

19 declaration "that U[num] violated section 10144 and abused its discretion under ERISA" (*ibid.*).

20 Unum now argues that this claim is preempted by ERISA and the statute does not provide a

21 private claim for relief.

22       Section 10144 provides:

23               No insurer issuing, providing, or administering any contract of
                 individual or group insurance providing . . . disability
24               benefits . . . shall refuse to insure, or refuse to continue to insure,
                 or limit the amount, extent, or kind of coverage available to an
25               individual . . . solely because of a physical or mental impairment,
                 except where the refusal, limitation or rate differential is based on
26               sound actuarial principles or is related to actual and reasonably
                 anticipated experience.

27

28

United States District Court

For the Northern District of California

1    Whether or not Section 10144 provides a private claim for relief is irrelevant because plaintiff

2    alleges her claim for relief under ERISA.  She seeks "no other relief as a result of the Third

3    Cause of Action's allegations other than a declaration that U[num] violated section 10144 and

4    that this violation demonstrated U[num]'s abuse of discretion *under* ERISA" (Opp. 18).

5    Plaintiff merely uses Section 10144 as the "relevant rule of decision."  *Townsend v. Thomson*

6    *Reuters Group Disability Income Ins. Plan*, No. CV 11-3555 RSWL (AJWx), 2011 WL 3625626

7    (C.D. Cal. Aug. 16, 2011) (Lew, J.).

8        Unum argues in its brief that Section 10144 is preempted by ERISA.  This argument,

9    however, was based on Unum's initial misreading of plaintiff's claim.  Unum assumed plaintiff

10    was asserting a private cause of action under Section 10144 instead of seeking a declaration that

11    Unum "abused its discretion under ERISA" (Br. 14–17; First Amd. Compl. ¶ 42).  This argument

12    was rendered moot by plaintiff's reply brief, and Unum did not continue to assert preemption as

13    a basis for dismissal in its reply brief (Reply. Br. 13–14).  This order finds that plaintiff may seek

14    a declaration that defendants violated ERISA, but she cannot seek a declaration that defendants

15    violated Section 10144 as an end-run around any possible ERISA preemption.  Accordingly, this

16    order does not reach Unum's preemption argument.

17        Unum argues for the first time in its reply brief that the statute does not apply because the

18    policy is governed by New York law and not California law.  This issue should have been raised

19    in Unum's opening motion.  This order does not reach this argument because it would be

20    premature to decide such an issue on the pleadings, especially when plaintiff did not get a chance

21    to respond.  Thus, plaintiff pled sufficient facts to state a plausible claim for relief, and Unum's

22    motion to dismiss plaintiff's third claim for relief is **DENIED**.

23                                **CONCLUSION**

24        For the above reasons, defendant Unum's motion to strike is **GRANTED IN PART, DENIED**

25    **IN PART,** and **DENIED AS MOOT IN PART**.  Plaintiff's demand for a jury trial and paragraph 37 are

26

27

28

11

**STRICKEN** from the operative complaint.  Unum's motion to dismiss plaintiff's second and third claims for relief is **DENIED**.  The hearing scheduled for November 3 is **VACATED**.

      **IT IS SO ORDERED.**

Dated:  November 1, 2011.

                                     WILLIAM ALSUP
                                     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California